
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MIGUEL ANGEL PINA RANGEL,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 19-72991

Agency No. A202-177-085

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2023**
Pasadena, California

Before: WALLACE and OWENS, Circuit Judges, and FITZWATER,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

Miguel Angel Pina Rangel, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the immigration judge's (IJ's) order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review factual findings, including adverse credibility determinations, for substantial evidence. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Where, as here, "the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (citation omitted).

1. The agency denied petitioner's application for relief after rendering an adverse credibility determination. This case is governed by the REAL ID Act, which dictates that "an adverse credibility determination must be made after considering the totality of circumstances, and all relevant factors." *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (internal quotation marks omitted). Relevant factors include "the consistency between … written and oral statements." 8 U.S.C. § 1158(b)(1)(B)(iii).

The adverse credibility determination was supported by petitioner's failure to mention a bus robbery that he and his family fell victim to until three years after his

immigration case began. Petitioner was interviewed by an asylum officer and completed an I-589 application. He did not mention the bus robbery in either of these statements. These statements suggested petitioner's claim for relief was based on a conflict between petitioner, petitioner's common-law wife, and a man named Marcos Linares Gutierrez ("Linares"), who had been harassing and threatening petitioner and petitioner's wife.

But at his individual hearing before the IJ, petitioner testified regarding the bus robbery and recharacterized his issues in Mexico as primarily arising between him and the Mexican police. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) ("[A]n adverse credibility determination may be supported by omissions that are not 'details,' but new allegations that tell a 'much different—and more compelling—story of persecution than [the] initial application[.]'" (citation omitted)). According to petitioner, Linares was simply an individual who was connected to the police force and was threatening and harming petitioner at the behest of a high-ranking police officer. As an example of the inconsistencies between petitioner's application materials and his testimony, in both versions of petitioner's story, Linares and three other men kidnapped and injured petitioner; but at his hearing, petitioner insisted that the incident was motivated by his speaking out against the complacence of the

3

Mexican police. Based on these discrepancies, and several others, the agency concluded that petitioner was not credible.

Substantial record evidence supports the agency's adverse credibility determination. Petitioner's testimony contradicted his written statements in several ways, and even his direct examination was internally inconsistent. *See Shrestha*, 590 F.3d at 1047 (holding that the petitioner's "inability to consistently describe the underlying events that gave rise to his fear was an important factor that could be relied upon by the IJ in making an adverse credibility determination"). Although the IJ did not expressly address the existence of arguably corroborative evidence, such as a statement from petitioner's cousin who claimed to have also been a victim of the bus robbery, the IJ did state that he had considered all proffered evidence, even if it was not explicitly mentioned in his opinion. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894-95 (9th Cir. 2018) ("A general statement that the [agency] considered all the evidence can suffice where nothing in the record indicates a failure to consider all the evidence."). Thus, the record does not compel the conclusion that the adverse credibility determination was erroneous. Accordingly, we deny the petition insofar as it challenges that determination.

2. Petitioner also challenges the agency's denial of relief under CAT. Without petitioner's discredited testimony, the record here falls far short of establishing that

4

petitioner is more likely than not to be tortured with the acquiescence of a government official upon his return to Mexico. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001). The record therefore does not compel the conclusion that he is eligible for relief. Accordingly, we deny the petition as to the denial of CAT protection.

The stay of removal remains in place until the mandate issues.

**PETITION DENIED**.